[Civ. Nos. 16169, 16170.   Second Dist., Div. One.   May 10, 1948.]

JOHN  H.  BLACKWELL, Appellant,  v.  AMALIA  M. BLACKWELL et al., Respondents.

John J. McMahon for Appellant.

Morris C. Schrager for Respondents.

DORAN, J.—Plaintiff appeals from the judgment in an action in equity.

The action is based on an alleged agreement between appellant and respondent which arose, as recited in appellant's brief, from the following circumstances:

"This action was instituted by the plaintiff and appellant under a suit in equity to establish an undivided one-half interest in certain real property belonging to the defendant and respondent, located at 522 Kelso Street, Inglewood, California. The premises consisted of about one-half acre of land and a double three-room apartment building in the front of the property and a small dwelling and garage located in the rear of said premises.

"The action was filed on March 2, 1946, and at the time of the commencement of the action the Security First National Bank of Los Angeles, a corporation, was acting as the guardian of of the estate of the respondent, Amalia M. Blackwell, who prior to said time and on or about February 13, 1945, was adjudged to be an incompetent person. That said bank appeared at the time of the trial of the action in conjunction with counsel representing said incompetent and her other codefendant, John Paul Artel, a son of a former marriage, of about 35 years of age.

"The appellant and respondent first met on or about the 10th day of August, 1938 in Los Angeles City. For some years prior to their meeting Amalia M. Blackwell was a widow and lived in said premises which consisted of a six-room bungalow.

"The appellant was a carpenter and contractor by trade and working for the Department of Water and Power of Los Angeles City, and had been so employed by said City Department for about twenty years prior to the 10th day of August, 1938. It was the desire of the respondent, Amalia M. Blackwell, that said property be reconverted and reconstructed into a double apartment building in order that she have an income therefrom, and the appellant herein commenced on or about the month of November, 1938, to do work on said property to reconvert and reconstruct the same into a three-room double apartment building.

"Appellant devoted all his spare time, including Saturdays and Sundays and holidays, commencing the latter part of November, 1938, and up to June of 1941, to reconstructing and reconverting the said building.

"The building was completed by the appellant and the work and services were accepted by the respondent, Amalia

M. Blackwell, and all of the work and services in connection with the reconstruction of said property was completed prior to the time of the marriage of appellant and respondent, which marriage took place on the 4th day of October, 1941.

"The agreement made between the appellant and the respondent, Amalia M. Blackwell, in consideration of the work and services rendered by appellant, was that he was to receive an undivided one-half interest in said property located at 522 Kelso Street, Inglewood, California."

The record further reveals, as recited in respondents' brief that, "On May 21, 1946, after a hearing before the Honorable John Gee Clark, Judge of the Superior Court, the respondent was restored to capacity and mental competency. This order was subsequently affirmed on appeal to this court. The respondent Amalia Blackwell and the appellant John Blackwell separated on or about May 10, 1945 and ever since said date have been living separate and apart. . . .

"While the appeals from these decrees have been pending, the respondent, Amalia Blackwell was restored to capacity, and the Security-First National Bank was discharged as Guardian of her estate and is therefore no longer an interested party to these proceedings.

"The respondent, John Paul Artel, is the son of the respondent, Amalia Blackwell, by her former marriage with John G. Artel. He has not claimed any interest in the property which is the subject of these actions."

As will be seen from the above, there was an appeal from the order restoring respondent to competency. Quoting from the opinion by the District Court of Appeal disposing of said appeal in "Guardianship of the person and estate of Amalia M. Blackwell" reported in 77 Cal.App.2d at p. 282 [175 P.2d 44] : "Pursuant to her own petition she was by order of the court entered on May 21, 1946, restored to capacity and mental competency. Her husband, John H. Blackwell, who objected to her petition, brings the matter here by appeal from the last mentioned order." The appeal in that matter was dismissed December 13, 1946; the respondent was therefore still an incompetent when the trial of the within action was commenced on June 28, 1946.

The court found for the defendant. It is contended on appeal in substance that the evidence does not support the findings and that the court erred in sustaining demurrers to the complaint and amended complaint.

■ From what is certified as a "partial transcript" by the shorthand reporter, the record reveals that the plaintiff, who was the only witness at the trial, testified extensively as recorded in 224 pages of the transcript. Many exhibits were offered and received including numerous receipts, signed by plaintiff. On cross-examination the following occurred:

"Q. BY MR. SCHRAGER: I show you this document and ask you if that is in your handwriting.

"A. Yes, it is.

"Q. Mr. McMahon has a little difficulty reading it. So do I. Would you mind reading it to the court?

"A. 'Paid me in full as the work that I have performed for her in the past. That her and I agreed on that does not make any difference, the amount. John H. Blackwell, 2311 West 75th Street.'

"Q. You didn't read the beginning, did you? Read the date and the beginning.

"A. 'April 5, 1941. This statement verifies that Mrs. Amelia M. Blackwell, 522 East Kelso Street, Inglewood, has paid me in full for the work that I have performed for her in the past. That her and I agreed on that does not make any difference, the amount. John H. Blackwell, 2311 East 75th Street.'

"MR. SCHRAGER: I offer that in evidence."

Although the sole witness at the trial, it does not follow that appellant's contention with regard to the findings as hereinbefore noted must be upheld. It is for the trial judge to determine the value and effect of evidence unless such evidence is declared by law to be conclusive; and the testimony of the plaintiff herein is not an example of such evidence. In the absence of a showing of an abuse of discretion or, that the effect given to the testimony was arbitrary, the value and effect of the evidence as found by the trial judge, if within reason, must be upheld on appeal. There is no such showing in the within appeal.

As to the amendment to the original complaint and the first amended complaint to which demurrers were sustained, the record is not complete. However, inasmuch as the record does show that the trial comprised three days, viz., June 28, 29 and 30th, and that the amendment to the complaint was filed July 1st and the first amended complaint was filed July 11th, it is a reasonable inference that requests to file such amendments were made after the evidence was concluded. An

examination of the proposed amendments in the light of the record reveals no error in the court's orders sustaining the demurrers thereto.

For the foregoing reasons, the judgment and the orders appealed from are affirmed.

York, P. J., and White, J., concurred.